**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

United States of America

     v.                      Crim. No. 22-cr-098-06-LM

Danna Frazier

**ORDER OF DETENTION PENDING TRIAL**

On August 29, 2022, the defendant appeared for a detention
hearing on an indictment charging her with Conspiracy to
Distribute and Possession with Intent to Distribute a Controlled
Substance in violation of 18 U.S.C. § 846(a)(1) and §§ 841(a)(1)
& (b)(1)(C). The government requested detention and counsel
proceeded on proffers.  For the following reasons, and for the
reasons stated on the record, the defendant shall be detained
pending trial.

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141
et seq., "does not authorize a detention hearing whenever the
government thinks detention would be desirable, but rather
limits such hearings to the [circumstances listed in 18 U.S.C. §
3142(f)(1) and (f)(2)]." United States v. Ploof, 851 F.2d 7, 10
(1st Cir. 1988).  In this case, the government has invoked
§ 3142(f)(1)(C), which permits it to request detention when the
charges involve a drug offense with a maximum sentence of ten
(10) or more years.  As the above-referenced offense meets this

requirement, the government's request for a detention hearing is well-founded.

At a detention hearing, the court must determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the safety of the community. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial ("risk of flight"), United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988), or (2) the safety of another or the community ("dangerousness"). Patriarca, 948 F.2d at 793. The government is required to offer a preponderance of the evidence to prove risk of flight and clear and convincing evidence to establish dangerousness. See Patriarca, 948 F.2d at 792-93.

In specific instances delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.  A presumption arises when:

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e)(3)(A).  Once invoked, the defendant need only produce "some evidence" to rebut this presumption.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  "When a defendant produces such evidence, however, the presumption does not disappear.  The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." Dillon, 938 at 1416.

In the instant case, the grand jury found probable cause to justify the issuance of the indictment, and the defendant is charged with an offense having a maximum term of imprisonment of ten (10) years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991).  Thus, the rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . . ," as set forth in Section

3142(e), is triggered in this case.  See 18 U.S.C. §§ 3142(e),
(f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas,
804 F.2d 157, 162-63 (1st Cir. 1986).

As noted, counsel proceeded on proffers. In both an initial
bail report and a supplemental bail report, pretrial services
recommended detention. Based on the facts proffered at the
detention hearing, and after considering the factors set forth
in 18 U.S.C. § 3142(g), the court finds that when aided by the
presumption, the government has satisfied its burden to
establish both dangerousness and risk of flight. In short, as
stated at the hearing, the court finds that none of the factors
outlined in § 3142(g) favor release in this case. Moreover,
particularly concerning is the fact that the defendant's
proposed release plan did not include any substance abuse
treatment plan and contemplated that the defendant would
continue to reside with her boyfriend, who also has an ongoing
substance abuse problem and a criminal record. For these
reasons, the defendant will be detained pending trial.

To the extent consistent with the United States Marshal's
custodial housing discretion and jail regulations, and presuming
the defendant qualifies for admission, the court recommends that
the defendant be transferred to the Strafford County House of
Corrections and be allowed entrance into the Therapeutic
Community program.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

       **SO ORDERED.**

                     /s/ Daniel J. Lynch
                     Daniel J. Lynch
                     United States Magistrate Judge

Date: August 30, 2022

cc:    Joachim H. Barth, AUSA
       Donald A. Kennedy, Esq.
       U.S. Marshal
       U.S. Probation